Case 1:25-cv-10419-CM-HJR    Document 34    Filed 04/22/26    Page 1 of 7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------X

ATHANASIOS KOUTSOUMBIDIS. a/k/a
TOMMY NAPOLI
Plaintiff,

- against -

MACY'S INC., BLUEMERCURY, INC.,
LENNY ROYAL, STEPHANIE HOLLAND,
JOHN FOWLER, JOAN STRICKLAND,
and KIMBERLY BARROS,

Defendants.

--------------------------------------------------------------X

Case No.: 1:25-cv-10419 (CM)

**STIPULATION AND
PROTECTIVE ORDER**

WHEREAS, the parties to this action (collectively, the "Parties," and individually, a "Party")[1] request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain nonpublic and confidential material that they may need to disclose in connection with discovery in this case; and

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, the Court finds that good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action,

IT IS HEREBY ORDERED that any person subject to this Stipulation and Protective Order ("Protective Order")—including without limitation the Parties to this action, their representatives, agents, experts and consultants. all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Protective Order—shall adhere to the following terms:

1.      Any person subject to this Protective Order who receives from any other person subject to this Protective Order any "Discovery Material" (*i.e.,* information of any kind produced or disclosed pursuant to and in course of discovery in this action) that is designated as "Confidential" pursuant to the terms of this Protective Order (hereinafter "Confidential Discovery Material") shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2.      The person producing any given Discovery Material or that person's counsel may designate such material as Confidential. in whole or in part, only if counsel determines reasonably and in good faith that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret, or otherwise sensitive and non-public financial or business information; that is of a personal or intimate nature regarding any individual; or that is subject to a contractual or other duty of confidentiality owed by the client to a third party.

---

[1] Stephanie Holland has not appeared in this action and is not a party to this agreement.

1

Case 1:25-cv-10419-CM-HJR   Document 34   Filed 04/22/26   Page 2 of 7

3.      With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility.

4.      With respect to deposition transcripts and exhibits, a producing person or that person's counsel may designate such portion as Confidential either by (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony (consisting of question and answer) in a separate volume and mark it as "Confidential Information Governed by Protective Order"; or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated Confidential, in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript or exhibit (as the case may be) in their possession or under their control as directed by the producing person or that person's counsel by the reporter. During the 30-day period following the conclusion of a deposition, the entire deposition transcript will be treated as if it had been designated Confidential.

5.      If at any time prior to the trial of this action, a producing person realizes that some portion(s) of Discovery Material that it previously had produced without limitation should be designated as Confidential, such producing person may so designate such material by so apprising all prior recipients in writing, and thereafter such designated portion(s) of the Discovery Material will be deemed to be and treated as Confidential under the terms of this Protective Order.

6.      No person subject to this Protective Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

(a)      the Parties to this action, their insurers, and counsel to their insurers;

(b)      counsel for the Parties, including in-house counsel, and any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

(c)      outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) that counsel hire and assign to this matter, including computer service personnel performing duties in relation to a computerized litigation system;

(d)      any mediator or arbitrator engaged by the Parties or appointed by the Court in this matter, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e)      as to any document, its author, its addressee and any other person indicated on the face of the document as having received a copy;

(f)      any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

2

(g)     any person retained by a Party as a consultant or expert to assist in the prosecution or defense of this action, to the extent deemed necessary by counsel, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(h)     stenographers engaged to transcribe depositions conducted in this action; and

(i)     this Court, including any appellate court, and the court reporters and support personnel for the same.

7.     Any Party who objects to any designation of confidentiality may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for the Parties will address their dispute to this Court.

8.     Any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances) may at any time prior to the trial of this action serve upon counsel for the receiving Party a written notice stating with particularity the grounds for the request. If the Parties cannot reach agreement promptly, counsel for the Parties will address their dispute to this Court.

9.     Recipients of Confidential Discovery Material under this Protective Order may use such material solely for the prosecution and defense of this action, and specifically (and by way of example and not limitation) may not use Confidential Discovery Material for any business, commercial or competitive purpose. Nothing contained in this Protective Order, however, will affect or restrict the rights of any person with respect to its own documents or information produced in this action. Nor does anything contained in this Protective Order limit or restrict the rights of any person to use or disclose information or material obtained independently from and not through or pursuant to discovery in this action.

10.     Nothing in this Protective Order will prevent any person subject to it from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction; provided, however, that such person receiving such a request will (unless prohibited by law from doing so) provide written notice to the producing person before disclosure and as soon as reasonably possible, and, if permitted by the time allowed under the request, at least 10 days before any disclosure. This notice is intended to enable the producing person to seek to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing person deems it appropriate to do so.

11.     Any Party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing ("ECF") system, that redacts only the Confidential Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material.

12.     Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

13.     Any Personally Identifying Information ("PII") (e.g., social security numbers,

3

financial account numbers, passwords. and information that may be used for identity theft) exchanged in discovery shall be maintained by the persons who receive such information and are bound by this Protective Order in a manner that is secure and confidential. In the event that the person receiving PII experiences a data breach, she, he or it immediately shall notify the producing person of the same and cooperate with the producing person to address and remedy the breach. Nothing herein shall preclude the producing person from asserting legal claims or constitute a waiver of legal rights or defenses in the event of litigation arising out of the receiving person's failure to appropriately protect PII from unauthorized disclosure.

14.     This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Discovery Material designated as "Confidential," and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed.

15.     All persons subject to this Protective Order acknowledge that willful violation of this Protective Order could subject them to punishment for contempt of Court. This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED: Betty Thorne Tierney

:
**FILIPPATOS PLLC**

*/s/ Ananda Chaudhuri*
Ananda Chaudhuri
425 Madison Avenue, Suite 1502
New York, NY 10603
Tel/Fax: (914) 984-1111
achaudhuri@filippatoslaw.com
*Attorney for Plaintiff*

**MACY'S, INC. LAW DEPARTMENT**

*/s/ Betty Thorne Tierney*
Betty Thorne Tierney
11477 Olde Cabin Rd., Suite 400 Creve Coeur, MO 63141
(314) 342-6728
betty.tierney@macys.com

**BARTON GILMAN, LLP**
Steven Gerber
331 Newman Springs Road
Bldg. 1, 4th Floor, Suite 143
Red Bank, NJ 07701
(973) 256-9000
sgerber@bglaw.com

*Attorneys for Defendants*

4

SO ORDERED: _WITH ADDENDUM AS ATTACHED)_

Hon. Colleen McMahon
United States District Court Judge

Dated: 4/23/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X

ATHANASIOS KOUTSOUMBIDIS, a/k/a
TOMMY NAPOLI
Plaintiff,

              - against -

MACY'S INC., BLUEMERCURY, INC.,
LENNY ROYAL, STEPHANIE HOLLAND,
JOHN FOWLER, JOAN STRICKLAND,
and KIMBERLY BARROS,

Defendants.

---------------------------------------------------------------------X

Case No.: 1:25-cv-10419 (CM)

**STIPULATION AND
PROTECTIVE ORDER**

     I,_____, acknowledge that I have read and understand the Stipulation and Protective Order (the "Protective Order") in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to any other person; that I will not use such Confidential Discovery Material other than for purposes of this litigation; and that at the conclusion of the litigation I will either return all discovery information to the party or attorney from whom I received it, or, upon permission of the producing party, destroy such discovery information. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____

                                                      _____

Case 1:25-cv-10419-CM-HJR    Document 34    Filed 04/22/26    Page 7 of 7

THE FOLLOWING ADDENDUM IS DEEMED INCORPORATED INTO THE PARTIES' STIPULATION AND CONFIDENTIALITY ORDER: The parties understand that the Court's "so ordering" of this stipulation does not make the Court a party to the stipulation or imply that the Court agrees that documents designated as "Confidential" by the parties are in fact confidential. It has been this Court's consistent experience that confidentiality stipulations are abused by parties and that much material that is not truly confidential is designated as such. The Court does not intend to be a party to such practices. The Court operates under a presumption that the entire record should be publicly available. The Court does not ordinarily file decisions under seal or redact material from them. If the Court issues a decision in this case that refers to "confidential" material under this stipulation, the decision will not be published for ten days. The parties must, within that ten-day period, identify to the Court any portion of the decision that one or more of them believe should be redacted, provide the Court with the purportedly confidential material, and explain why that material is truly confidential. The Court will then determine whether the material is in fact genuinely deserving of confidential treatment. The Court will only redact portions of a publicly available decision if it concludes that the material discussed is in fact deserving of such treatment. The Court's decision in this regard is final.